The judgment of the court (Eustis, C. J., dissenting) was pronounced by
Slidell, J.
Before the exception was filed a judgment by default had been taken, which, in contemplation of law, is a joinder of issue. The defendant, on moving the court to set aside the j udgment by default, expressly termed his plea a peremptory exception, knowing that he had not a right under the statute to file a dilatory exception after a judgment by default. Whatever, therefore, be the character of the exception, be it dilatory or peremptory, the plaintiff has a right, for the purpose of the questions now presented, to the designation which the defendant chose to give to his own plea before- the district judge.
Viewing the plea as a peremptory exception filed after a judgment by default, there was no irregularity on the plaintiff’s part in treating the plea as standing as a defence, and bringing the cause to trial in the ordinary manner as in case of an answer.
Judgment affirmed, with costs.